IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Case No. 09-cv-01936-PAB-KLM

UNITED STATES OF AMERICA for the use of Brannan Sand and Gravel Co., LLC,

    Plaintiff,

v.

GRAY CONSTRUCTION, INC.,
TRAVELERS CASUALTY and SURETY COMPANY OF AMERICA, and
ALL PHASE CONCRETE CONSTRUCTION, INC.,

    Defendants.

## ORDER DENYING MOTION FOR DEFAULT JUDGMENT

This matter is before the Court on plaintiff's motion for default judgment, ("Pl.'s Mot.") [Docket No. 15], as to defendants Gray Construction, Inc. ("Gray") and Travelers Casualty and Surety Company of America ("Travelers"). The motion is fully briefed and ripe for disposition.

## I. PROCEDURAL BACKGROUND

Plaintiff filed suit against defendants on August 14, 2009. Plaintiff served Travelers on August 24, 2009 and Gray on September 9, 2009. Therefore, Travelers had until September 14 and Gray until September 29 to answer. Neither party met their respective deadlines. Plaintiff filed the present motion on October 14, 2009 seeking entry of default judgment. The next day, counsel for Gray and Travelers filed a notice of appearance in the case, followed on October 30 by a response to the motion for default judgment.

## II. DISCUSSION

While plaintiff seeks application of the Federal Rule of Civil Procedure 60(b)(1) "excusable neglect" standard to this matter, Rule 60(b)(1) – and its concerns with the finality of judgments – applies to setting aside a judgment. Here, by contrast, where plaintiff moves pursuant to Federal Rule of Civil Procedure 55 for default judgment in the first instance, the decision is simply "committed to the district court's sound discretion . . . .'" *Olcott v. Del. Flood Co.*, 327 F.3d 1115, 1124 (10th Cir. 2003) (quoting *Dennis Garberg & Assocs. v. Pack-Tech Int'l Corp.*, 115 F.3d 767, 771 (10th Cir. 1997)). When exercising that discretion, the Court considers that "[s]trong policies favor resolution of disputes on their merits." *Ruplinger v. Rains*, 946 F.2d 731, 732 (10th Cir. 1991) (quotations marks and citations omitted). "The default judgment must normally be viewed as available only when the adversary process has been halted because of an essentially unresponsive party." *Id*. It serves to protect a plaintiff against "interminable delay and continued uncertainty as to his rights." *Id*. at 733.

Here, Gray concedes that it was properly served on September 9, 2009. Travelers, however, argues that service was improper because plaintiff delivered the relevant documents to the Corporation Service Company instead of the Colorado Division of Insurance, the registered agent indicated in Travelers' annual report filing with the Colorado Secretary of State. *See* Ex. A to Def.'s Response [Docket No. 19]; C.R.C.P. 4(e)(4). Plaintiff contends that, in determining how to serve Travelers, it reasonably relied on instructions provided over the phone by the Colorado Commissioner of Insurance Office. Pl.'s Reply [Docket No. 26] at 5. Plaintiff may have

acted reasonably, and Travelers is not clear about whether, despite the problems with service, it received actual notice of the suit. At a minimum, however, there is a question as to proper service on Travelers and the possibility that plaintiff, at least in part, is at fault for some of the delay thus far. This potential lack of actual notice, the failure of plaintiff to argue prejudice, and the relatively short amount of time that has passed all warrant a denial of default judgment as to Travelers.[1]

      Gray contends that its failure to answer the complaint was due to mistake. Specifically, Gray states that its agent, Scott Parker, was under the impression that counsel for defendant All-Phase would be seeking an extension on behalf of Gray. Def.'s Response at 7. Plaintiff replies that Gray has not provided any basis for that mistaken belief and, therefore, the failure to answer should not be excused. While Gray's failure might not constitute "excusable neglect," its response can be fairly read to indicate that Mr. Parker came to his mistaken belief while discussing the possibility of All-Phase's counsel defending Gray as well. At a minimum, the Court is satisfied that, while the proffer of a defense slipped through the cracks at Gray, the mistake was remedied in reasonably prompt fashion. In the approximately two weeks after plaintiff filed its motion, counsel representing Gray and Travelers entered an appearance, drafted an answer to the complaint, and responded to the motion. Gray seeks to

---

[1] In order to enter default judgment, the Court must have personal jurisdiction over Travelers. *See Dennis Garberg & Assocs. v. Pack-Tech Intern. Corp.*, 115 F.3d 767, 771 (10th Cir. 1997) ("We have noted earlier that judgment by default should not be entered without a determination that the court has jurisdiction over the defendant."). Because the Court otherwise exercises its discretion not to enter default judgment against Travelers, there is no need to determine, for purposes of this motion, whether service was in fact properly effectuated.

contest the matter; little time has passed; and plaintiff has not been prejudiced – indeed, it has claimed none.

Exercising discretion in light of these considerations, the Court need not be convinced that Travelers and Gray were wholly without fault in failing to respond. Upon realizing their errors, each responded promptly, and the progress of the case has not been materially halted. Moreover, and quite importantly, plaintiff has cited no prejudice on account of the minimal delay.

### III.  CONCLUSION

For the foregoing reasons, and "[i]n light of the strong preference for the disposition of litigation on the merits, and the lack of any allegation of prejudice" to plaintiff, the court declines to enter default judgment. *Gulley v. Orr*, 905 F.2d 1383, 1386 (10th Cir. 1990). Therefore, it is

**ORDERED** that plaintiff's motion for default judgment [Docket No. 15] is DENIED. It is further

**ORDERED** that, to the extent Travelers and Gray's response [Docket No. 19] can be read as seeking leave to file their answer, it is DENIED for failing to comply with Local Rule 7.1(C). Travelers and Gray shall file a separate motion seeking leave to file their answer out of time.

DATED November 25, 2009.

                                            BY THE COURT:

                                            s/Philip A. Brimmer
                                            PHILIP A. BRIMMER
                                            United States District Judge